## LEAL *against* WIGRAM AND PHELPS.

Where a bond is given to the sheriff for the gaol liberties, and the debtor escapes, but is afterwards retaken into custody, and a new bond with new sureties, is given to the sheriff, this does not take away the sheriff's right of action against the surety on the first bond, in consequence of the sheriff's being sued for the escape.

The privilege of a sheriff from arrest in the court of C. P. of D., by the rules of that court, is personal to him, and may be waived, and his waiver of it, as a defence against a suit brought against him for an escape, will not affect his right of action against a surety on the bond for the gaol liberties.

THIS was an action of debt, brought by the plaintiff, on a bond, dated the 4th of *September*, 1813, given to him, as sheriff of *Delaware* county, by the defendant, for the gaol liberties, granted to *Wigram*, who was in custody, at the suit of *St. John & Scoffield.* The defendant pleaded *non est factum,* with notice of *non-damnificatus,* and other special matter.

The cause was tried at the *Delaware* circuit, in *June*, 1814, before Mr. Justice *Spencer.* The plaintiff proved the bond, and the escape of *Wigram* from the limits of the liberties of the gaol.

The defendant offered to prove that on the 5th of *November*, 1813, *Phelps*, one of the defendants, delivered to the sheriff's deputy a notice, directed to the plaintiff, requesting him to retake *Wigram* and keep him in close custody, as he wished to be discharged as his bail, and the deputy retook *Wigram* and brought him again within the liberties. This evidence was objected to, on the part of the plaintiff, but the objection was overruled. It did not appear from the testimony given that the notice had ever been served on the plaintiff, or that he knew any thing of it.

The defendant then produced in evidence a new bond given by *Wigram* and one *Isaac Becker*, as his bail, for the limits, dated the 6th of *November.* The sheriff was not present when the bond was executed, nor was there any formal surrender of *Wigram* by the defendant.

It appeared that a writ had been issued out of the *Delaware* court of common pleas, in the name of *St. John & Scoffield,* against the plaintiff, which was a common *capias,* in trespass, without any *ac etiam* clause, directed to one or other of the *coroners* of the county, on which the plaintiff endorsed his appearance, the 17th of *September*, 1813, and the coroner returned on the writ *cepi corpus.* The defendant then produced the rules of the court of common pleas of *Delaware,* by which it is ordered that no attorney, nor the clerk, sheriff, nor a judge of the court, should be arrested, but the proceeding should be by filing a bill against them, unless they are sued with others.

It appeared that an application was made to the court of common pleas, in *November* term, to discharge the sheriff from the arrest in the suit against him, which was opposed by the plaintiff's attorney, who produced a written agreement, signed by the plaintiff, by which he waived any advantage which might be taken of the arrest being by writ, instead of a bill being filed against him, according to the rules of the court, and the court refused the application.

*Sherwood*, for the plaintiff, contended that there was a valid suit commenced against the sheriff; for though, by the rules of the court of common pleas, he was privileged from arrest, yet it was competent to him to waive that privilege.

The new bond could not take away the right of action for a breach of the first.

*Root*, contra, insisted, that before the sheriff could be damnified, every thing had been done that could be required; the debtor was surrendered into custody.

As the sheriff could not be arrested, he had a good defence against that action; and if he might have used his privilege to defeat the action, he was not damnified. If he thought proper to waive his ground of defence, he ought to take the consequences on himself. It was a voluntary abandonment of his right; and he ought not, therefore, to be allowed to bring an action against the surety on the bond given for his indemnity.

PER CURIAM. One question made upon the argument of this case was, whether an action could be maintained by the sheriff upon his bond, until he had been sued for the escape, and judgment obtained against him. This objection can arise only on the supposition, that the judgment which has been recovered against the sheriff was void, which we do not think was the case. If that judgment had been obtained by fraud, or collusion with the sheriff, or if he had waived any defence which went to the merits of the action, and which would have defeated the recovery against him, it might have been a good objection by the bail; but no such matter was waived. The right of being sued by bill, instead of by writ, which he waived, was a mere *personal* privilege. This did not touch the merits

of the cause, nor can it be deemed to have injured any other person. All the evidence given in relation to the other bond was irrelevant. The *escape* relied on was proved to have been made before the second bond was given, and the recovery against the sheriff was for that escape. The new bond was *prospective*, and could not release the surety on the former bond for the previous escape; and the plaintiff is, accordingly, entitled to judgment in this case, to indemnify him against the recovery for that escape.

Judgment for the plaintiff.